UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BYRON WOLFE ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:02-cv-126 |
| ) | 3:00-cr-072 |
| ) | *Jarvis* |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Byron Wolfe ("Wolfe"). For the following reasons, Wolfe's motion to amend his § 2255 motion will be **DENIED** as untimely, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**.

I. Standard of Review

This court must vacate Wolf's conviction upon finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail, Wolfe "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

If it plainly appears from the face of the motion, the annexed exhibits and the prior proceedings in the case that the petitioner is not entitled to relief in this court, the action should be summarily dismissed; an evidentiary hearing is not required. Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts; *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II. Factual Background

Wolfe pleaded guilty to conspiracy to distribute and possess with intent to distribute MDMA (ecstasy), in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(C), and using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). In support of his plea agreement, Wolfe stipulated in writing to the following factual basis:

> On April 6, 2000, task force agents with the Drug Enforcement Administration received information from a confidential informant that the defendant, along with codefendant Christopher Jeffers, wanted to purchase a quantity of MDMA, also known as Ecstacy [sic], for $10,000. The task force agents arranged a reverse undercover operation whereby the defendant and codefendant Jeffers purchased 3,400 MDMA pills for $5,000.
>
> At the time of the arrest, defendant Wolfe drew a .380-caliber handgun from his waist band, which he was using for protection during the drug deal. During a struggle with the officers, the defendant dropped the weapon and attempted to flee on foot but was apprehended by officers.

[Criminal Action No. 3:00-cr-072, Court File No. 35, Factual Basis, pp. 1-2, ¶¶ 1-2].

Wolfe was sentenced to a term of imprisonment of 27 months on the drug conviction and a consecutive term of imprisonment of 60 months on the firearm conviction, for a total effective sentence of 87 months. He did not appeal his conviction or his sentence.

In support of his § 2255 motion, Wolfe alleges the following: (1) his Fifth Amendment right to due process and his Sixth Amendment right to a jury trial were violated when he was subjected to sentencing enhancements by the trial court based upon a preponderance of the evidence; (2) the indictment was deficient because it failed to allege essential elements of the offense; (3) the court erred in calculating the quantity of MDMA for sentencing purposes; (4) the court erred in sentencing Wolfe based upon a drug weight inflated by sentencing entrapment; and (5) the court failed to give Wolfe a downward departure on the firearm charge based upon sentencing entrapment. After Wolfe filed his original § 2255 motion *pro se*, retained counsel filed an untimely motion for permission to file an amended motion pursuant to 28 U.S.C. § 2255.

III.   Discussion

*A.  Untimely Motion to Amend*

Wolfe's original *pro se* § 2255 motion was timely filed; the motion for permission to amend was filed after the expiration of the statute of limitation.[1] The question, then, is whether the amendment is timely because it "relates back" to the original filing date.

In the motion to amend the § 2255 motion, Wolfe through counsel states that the amendments would be premised upon the same basic grounds as the original *pro se* motion, but presented in a fuller and more complete manner. In the proposed amendment, however, counsel raises additional and different grounds for relief, including the claim that Wolfe should have received a role reduction in his offense level as well as several instances of ineffective assistance of counsel. "An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set

---

[1] As a result of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal prisoner has one year in which to file a § 2255 motion. The limitation period generally runs from the date on which the judgment of conviction becomes final. In the event a petitioner did not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed. *See Chandler v. United States*, 22 Fed.Appx 399, 400, 2001 WL 1176597 *1 (6th Cir. 2001) (citing *Johnson v. United States*, 246 F.3d 655, 657-58 (6th Cir. 2001)); *see also United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002) (footnote omitted) ("because defendant did not pursue a direct appeal from the judgment of conviction, he cannot rely on the 90-day period for seeking certiorari review of a judgment of the court of appeals to extend the date on which his conviction became final"). Wolfe's judgment of conviction became final on April 23, 2001. His original § 2255 motion was filed March 13, 2002; the motion for permission to amend was filed November 24, 2003.

forth." *Mayle v. Felix*, 545 U.S. 644, ___,125 S. Ct. 2562, 2566 (2005).[2] *See also Oleson v. United States*, 27 Fed.Appx. 566, 571, 2001 WL 1631828 *3 (6th Cir. December 14, 2001) ("Oleson's amendment does not escape the AEDPA statute of limitations by 'relating back' to previous claims -- Oleson's amendment raises an entirely new argument"). Accordingly, the motions to amend will be denied

      Wolfe's original § 2255 motion did not put the government on notice of his proposed amendments and this court finds that Wolfe's proposed amendments to his § 2255 motion are time-barred. Accordingly, the motion for permission to amend will be **DENIED**. The Clerk will be **DIRECTED** to file the proposed amendment for the purpose of the record only.

### B.  *Due Process and Trial by Jury*

      Wolfe claims that, with respect to his drug conviction, his Fifth Amendment right to due process and his Sixth Amendment right to a jury trial were violated when he was subjected to sentencing enhancements by the sentencing court based upon a preponderance of the evidence, rather than by findings by a jury beyond a reasonable doubt. He relies on the U.S. Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Jones v. United States*, 526 U.S. 227 (1999).

---

[2]The AEDPA established a one-year statute of limitation for both motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and habeas corpus petitions pursuant to 28 U.S.C. § 2254. For the most part §§ 2254 and 2255 are counterparts of each other and the law applicable to one generally applies to the other. *Davis v. United States*, 417 U.S. 333, 343-44 (1974); *Metheny v. Hamby*, 835 F.2d 672, 673-74 (6th Cir. 1987).

In *Jones*, the U.S. Supreme Court held that the provisions of the federal carjacking statute that established higher penalties if the offense resulted in serious bodily injury or death set forth additional elements of the offense and not mere sentencing considerations, which must be charged in the indictment and proven to a jury beyond a reasonable doubt. 526 U.S. at 252. In a footnote, the Court stated the principle underlying the decision:

> [U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.

*Id*. at 243 n.6.

In *Apprendi*, the Supreme Court considered an enhanced punishment for a firearm conviction under New Jersey's hate crime statute, and held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." 530 U.S. at 490. *Apprendi* applies only to facts that extend a defendant's sentence beyond the statutory maximum, however, and not to facts that increase the statutory minimum sentence. *Harris v. U.S.*, 536 U.S. 545, 567-68 (2002).

Wolfe pleaded guilty to conspiracy to distribute and possess with intent to distribute MDMA, which is a Schedule I controlled substance. Wolfe was thus subject to a statutory maximum sentence of twenty years. 21 U.S.C. § 841(b)(1)(C). Wolfe was sentenced to a term of imprisonment of 27 months, much less than the statutory maximum penalty. Accordingly, neither *Jones* nor *Apprendi* afford Wolfe any relief.

## C. Sufficiency of the Indictment

Wolfe alleges that the indictment against him was deficient because it failed to allege essential elements of the offense, specifically the quantity of drugs and other enhancements used at sentencing. Wolfe bases this claim upon the *Jones* and *Apprendi* decisions.

As noted earlier, Wolfe was sentenced to a term of imprisonment of 27 months, his sentence did not exceed the statutory maximum penalty, and therefore neither *Jones* or *Apprendi* was implicated in the indictment. *See also Goode v. United States*, 305 F.3d 378, 381 (6th Cir. 2002) ("We also conclude that *Apprendi* does not create jurisdictional problems for the federal district courts to hear cases where the drug quantity is not specified in the indictment."). Wolfe is not entitled to relief on this claim.

## D. Quantity of MDMA

Wolfe claims that the court erred in calculating the quantity of MDMA for sentencing purposes by basing the calculations on pill weight rather than by dosage units. Wolfe agreed in his factual basis that he and his co-defendant arranged to purchase 3,400 MDMA pills. In the presentence report, the probation officer assigned each pill an estimated weight of 0.5 grams, so that Wolfe was held accountable for 1,700 grams of MDMA. [Criminal Action No. 3:00-cr-072, Presentence Investigation Report, pp. , ¶¶ ]. As set forth in the 1998 version of the Sentencing Guidelines, in effect at the time of Wolfe's sentencing, one gram of MDMA was equivalent to 35 grams of marijuana. U.S.S.G. § 2D1.1, Drug Equivalency

7

Tables (November 1998). Thus, 1,700 grams of MDMA was equivalent to 59.5 kilograms of marijuana, which resulted in a base offense level of 20. *Id.*, § 2D1.1(c)(10).

Wolfe now claims that, according to the Drug Enforcement Administration of the Department of Justice, a dosage unit of MDMA ranges from 50 to 150 milligrams, and thus the court erred in assigning each pill a weight of 0.5 grams, or 500 milligrams. Although Wolfe filed objections to the presentence report, he did not raise this issue in his objections.

A defendant who fails to object at the time of sentencing to alleged inaccuracies in the presentence report waives the right to challenge the presentence report in a collateral proceeding:

> If the system [of sentencing a criminal defendant] is to work and if appellate review is to be meaningful, it is absolutely essential that a defendant raise all objections to the sentence before the sentencing judge in the first instance. For this reason, the law has developed that a failure to object results in a waiver.

*United States v. Cullens*, 67 F.3d 123, 124 (6th Cir. 1995) (citations omitted). *See also United States v. Jarman*, 144 F.3d 912, 915 (6th Cir. 1998) ("This circuit has explicitly held that failure to object to an enhancement operates as a waiver."); *U.S. v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996) ("We have consistently held that a § 2255 petitioner cannot challenge nonconstitutional sentencing errors if such errors were not challenged in an earlier proceeding."). Wolfe has thus waived any challenge to the court's calculation of the weight of the MDMA.

*E. Drug Quantity / Sentencing Entrapment*

Wolfe alleges that the court erred in sentencing him based upon a drug weight inflated by sentencing entrapment. As noted earlier, Wolfe admitted in his factual basis that he and his co-defendant Jeffers agreed to purchase $10,000 worth of MDMA, which was approximately 3,400 pills. At the time of the exchange, Wolfe and Jeffers had only $5,000. The DEA task force agent agreed to accept the $5,000 down payment in exchange for 3,400 MDMA pills and Jeffers promised the remaining $5,000 would be paid the next morning. Wolfe now claims that he did not intend to purchase 3,400 pills and was not financially able to complete a $10,000 transaction. He also argues that, by agreeing to sell MDMA on credit, the government agent inflated the number of pills for sentencing purposes and that constituted entrapment.

As part of his plea agreement, Wolfe stipulated that he intended to purchase a quantity of MDMA for $10,000, and he cannot now argue otherwise. In any event, Wolfe did not raise this issue in his objections to the presentence report and thus has waived any challenge as to the quantity of drugs for which he was held accountable.

*F. Firearm / Sentencing Entrapment*

Wolfe claims that the court should have given him a downward departure on the firearm charge based upon sentencing entrapment. According to Wolfe, he would not have brought the firearm to the drug transaction without pressure from co-defendant Jeffers to do

so, which in turn was based upon outrageous conduct on the part of the government informant. Wolfe argues that the informant's conduct was intended to increase Wolfe's sentencing exposure. Wolfe also claims his attorney rendered ineffective assistance of counsel by failing to raise this issue at sentencing.

In *United States v. Coleman*, 188 F.3d 354 (6th Cir. 1999), the Sixth Circuit noted the following: "Even before *Koon*[3], courts had, in some instances, granted downward departures based in part on improper actions of the government. For example, courts have utilized downward departures in cases where the government has induced a defendant to commit a crime, but the defense of entrapment is not warranted." 188 F.3d at 358 n.3 (citing *United States v. McClelland*, 72 F.3d 717 (9th Cir. 1995); *United States v. Wise*, 976 F.2d 393 (8th Cir. 1992)).

Wolfe does not identify what conduct on the part of the informant was outrageous. In addition, the court notes that the Sixth Circuit has never recognized sentencing entrapment as a valid basis for a downward departure. *See, e.g., United States v. Watkins*, 179 F.3d 489, 503 n.14 (6th Cir. 1999) ("We note that this court has yet to acknowledge that sentencing entrapment, even if proven, constitutes a valid basis for a downward departure."); *United States v. Jones*, 102 F.3d 804, 809 (6th Cir. 1996) ("While other circuits have recognized sentencing entrapment, this circuit has never acknowledged sentencing entrapment as a valid basis for a downward departure under the guidelines.").

---

[3]*Koon v. United States*, 518 U.S. 81 (1996).

Furthermore, the issue in *Coleman* involved a downward departure from the sentencing guidelines based upon the amount of drugs involved. The cases cited by the *Coleman* court, *McClelland* and *Wise*, also involved departures from the guidelines. Wolfe's sentence on the gun conviction, however, was mandated by statute, not merely by the sentencing guidelines, and thus the court lacked authority to grant a downward departure absent a motion from the government. *See* 18 U.S.C. § 3553(e). Accordingly, Wolfe's attorney was not ineffective in failing to move for a downward departure. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

IV.     Conclusion

Wolfe's motion to amend his § 2255 motion will be **DENIED** as untimely; the Clerk will be **DIRECTED** to file the proposed amendment for the purpose of the record only. Wolfe is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. All other pending motions are **DENIED** as **MOOT**.

In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Wolfe leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Wolfe having failed to make a substantial showing of the

denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ James H. Jarvis
United States District Judge
